IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TYRENCE DENARD DOWNEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) 1:09CR109-1 |
| v. | ) 1:16CV969 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Tyrence Denard Downey has brought a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Docket Entry 86.) In 2009, Petitioner was convicted after a jury trial of one count of interfering with commerce by robbery (Hobbs Act Robbery) in violation of 18 U.S.C. § 1951(a); one count of knowingly carrying and using, by brandishing and discharging, firearms during a crime of violence, i.e., interference with commerce by robbery (Hobbs Act robbery), in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (c)(1)(C)(ii); and one count of possessing a firearm, a Haskell Manufacturing, Inc. .45 caliber pistol, after having been convicted of crimes punishable by imprisonment for a term exceeding one year, in violation 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docket Entries 1, 44; Minute Entries 9/14/2009; 9/16/2009; 9/17/2009.) Several weeks later, Petitioner also entered an *Alford* plea as to a separate charge of interfering with commerce by robbery (Hobbs Act Robbery) in violation of 18 U.S.C. § 1951(a). (Docket Entry 1; Minute Entry 10/9/2009.) Petitioner was sentenced to 244 months of imprisonment. (Docket Entry 68; Minute Entry 5/27/2010.) Petitioner's subsequent appeal was unsuccessful. *United States v. Downey*, 432 Fed.

App'x 226 (4th Cir. 2011). Petitioner next filed a motion under § 2255, which was dismissed without prejudice to Petitioner filing a corrected motion on the proper § 2255 forms. (Docket Entries 82, 83, 85.) He subsequently filed the instant motion on the proper forms. (Docket Entry 86.) In response, the Government filed a motion to dismiss. (Docket Entry 91.) Petitioner thereafter filed a document entitled, "Motion for Jury Instruction Trans[cripts]." (Docket Entry 97.) The Court has appointed Petitioner counsel and has stayed this matter pending several United States Supreme Court and Fourth Circuit decisions which have now been sufficiently resolved. (Docket Entry 87; Text Orders 7/27/2016, 11/15/2016, 5/17/2018.) The matter is now before the Court for a ruling.

## Petitioner's Grounds

Petitioner raises two grounds for relief, both of which turn on his erroneous contention that his brandishing of a firearm during a crime of violence conviction is invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016), and because Hobbs Act Robbery is not a crime of violence. (Docket Entry 86, Counts One, Two.) As explained below, each of his arguments lack merit.[1]

## Discussion

### Grounds One & Two

As an initial matter, the Court notes that neither *Johnson* nor *Welch* govern this case. *Johnson* addressed the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), *see Johnson*, 135 S.Ct. at 2555, which was made retroactive on collateral review under *Welch*, 136 S.Ct. at

---

[1] In its motion to dismiss (Docket Entry 91) the Government argues that Petitioner's § 2255 motion is untimely. The Court need not settle this question because regardless of whether it is time-barred, Petitioner's grounds for relief fail on the merits.

2

1257. Here, Petitioner has not been designated an armed career criminal. Rather, the relevant decision here is *United States v. Davis*, 139 S. Ct. 2319 (2019). As described in that decision, 18 U.S.C. § 924(c)

> authorizes heightened criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." § 924(c)(1)(A). The statute proceeds to define the term "crime of violence" in two subparts—the first known as the elements clause [or, alternatively, the force clause], and the second the residual clause. According to § 924(c)(3) a crime of violence is "an offense that is a felony" and
>
> "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> [ ](B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

*Davis*, 139 S. Ct. at 2323. The Supreme Court in *Davis* held that § 924(c)(3)(B), the residual clause, is unconstitutional. *Id.* at 2336. However, § 924(c)(3)(A), the force clause, remains valid and the Fourth Circuit has held that Hobbs Act robbery is a crime of violence under the force clause. *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). Therefore, Petitioner's convictions for Hobbs Act robbery were convictions for crimes of violence, and his conviction for brandishing a firearm during a Hobbs Act robbery remains valid.[2]

---

[2] Briefing on this matter is not necessary as "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that [Petitioner] is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings; *see also Horton v. United States*, Nos. 1:13CR284-1, 1:16CV952, 2019 WL 6176158, at *3 (M.D.N.C. Oct. 25, 2019) (Auld, M.J.) (unpublished), *adopted by*, 2019 WL 6173698 (Nov. 20, 2019) (Biggs, J.).

## Motion for Transcript

Petitioner has also filed a document entitled, "Motion for Jury Instruction Trans[cripts]." (Docket Entry 97.) Under 28 U.S.C. § 753(f), a petitioner proceeding *in forma pauperis* is entitled to a copy of his transcripts at Government expense in a federal habeas proceeding only if he demonstrates that the suit is "not frivolous" and that the transcript is "needed to decide the issue" presented in the suit. *See* 28 U.S.C. § 753(f); *United States v. MacCollom*, 426 U.S. 317, 320-21 (1976) (noting that § 753(f) contains "a limited grant of authority to the courts to authorize the expenditure of public funds for furnishing transcripts to plaintiffs in § 2255 actions," but only where the court certifies that the claims are "not frivolous" and that the transcript is "needed to decide the issue presented by the suit"); *see also United States v. Parker*, 273 F. App'x 243 (4th Cir. 2008) ("An indigent defendant is entitled to free transcripts from his criminal proceedings only upon a showing of a particularized need for the transcript."); *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963) ("An indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw."). Similarly under 28 U.S.C. § 2250, the Court may direct the Clerk to provide copies of documents or parts of the record at Court expense, but a petitioner must demonstrate a particularized need in relation to the claims he seeks to raise. *See* 28 U.S.C. § 2250; *United States v. Harris*, Crim. No. 06-20131-01-KHV, 2010 WL 604183, at *1 (D. Kan. Feb. 17, 2010) (unpublished) (citing § 2250 as authority for denial of generalized request for transcripts); *Cassidy v. United States*, 304 F. Supp. 864, 867 (W.D. Mo. 1969) (applying § 2250 to a motion under § 2255).

Here, it is unclear why Petitioner requests the transcript of the jury instructions. He has not shown that a transcript of the jury instructions is necessary for him to frame his claims under § 2255. To the extent he seeks the transcript because he believes it will somehow help him pursue his pending claims under § 2255, this is incorrect because any issues related to Petitioner's claims can be determined using documents other than the Court's jury instructions. Thus, the Court will deny the pending motion for a transcript.

## Conclusion

For the reasons set forth above, Petitioner's motion should be denied. An evidentiary hearing is not warranted in this matter.

**IT IS THEREFORE ORDERED** that Petitioner's "Motion for Jury Instruction Trans[cripts]" (Docket Entry 97) be **DENIED.**

**IT IS RECOMMENDED** that the stay in this matter be **LIFTED**, that Petitioner's motion to vacate, set aside or correct sentence (Docket Entry 86) be **DENIED**, that the Government's Motion to Dismiss (Docket Entry 91) be **DENIED** as moot, and that judgment be entered dismissing the action.

_____
Joe L. Webster
United States Magistrate Judge

February 13, 2020
Durham, North Carolina