IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TYRENCE DENARD DOWNEY,          )
                                )
            Petitioner,         )
                                )
       v.                       )          1:16CV969
                                )          1:09CR109-1
UNITED STATES OF AMERICA,       )
                                )
            Respondent.         )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action brings an amended motion (Docket Entry 86) under 28 U.S.C. § 2255. As explained in greater detail below, it should be denied.

### A. Background

In 2009, Petitioner was convicted after a jury trial of one count of interfering with commerce by robbery, one count of brandishing a firearm during a crime of violence, and one count of possessing a firearm as a convicted felon. (Docket Entries 1, 44.) Several weeks later, Petitioner also entered an *Alford* plea as to a separate charge of interfering with commerce by robbery. (Docket Entries 1, 59; Minute Entry 10/9/2009.) Petitioner was sentenced to 244 months of imprisonment. (Docket Entry 68.) Petitioner's appeal was unsuccessful. *United States v. Downey*, 432 Fed. App'x 226 (4th Cir. 2011). Petitioner subsequently filed the instant motion, which was stayed pending the disposition of a number of appellate cases that have since been resolved. (Docket Entry 86; 11/15/2016, 9/23/2020 Text Orders.) The Government filed a motion to dismiss. (Docket Entry 91.) The undersigned Recommended that the Government's motion to dismiss be denied as moot and that Petitioner's § 2255 motion be denied. (Docket Entry 99.) While this Recommendation was pending, the Court

permitted Petitioner to amend his original § 2255 motion and raise a new claim asserting that his category VI criminal history score is no longer valid because a North Carolina court recently granted his motion for appropriate relief and as a result his 2003 convictions for misdemeanor assault on a government employee have now been properly consolidated for judgment. (Docket Entries 105, 115, 129.) This, Petitioner contends, will reduce the total criminal history points properly attributed to him at sentencing, reduce his criminal history category from a VI to a V, and lower his overall advisory guideline range. (*See* Docket Entries 88, ¶¶ 39-40; 78 at 7-15; 104; 105; 110; 115; 129 at 8.)

### B. The Court's Preliminary Assessment of Petitioner's Amended Ground

In permitting Petitioner to amend, the undersigned made a preliminary assessment of the new ground for relief, concluding that it was cognizable. In so doing, the undersigned relied on another case from this Court, *Chuckie Dale Wood v. United States*, 1:09-cr-00339-NCT-1, Slip Op. (M.D.N.C. April 14, 2021), as follows:

> [T]he Court has recently summarized [in *Wood*] the rules governing cognizability in circumstances such as the ones present here [in *Downey*]:
>
>> [T]he Government notes that a sentencing error is only cognizable on collateral review if it presents a "fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 471 U.S. 333, 346 (1974). In *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit found that given the "remarkably high bar" to attack a sentencing error on collateral review, "sentencing a defendant pursuant to advisory Guidelines based on a career offender status that is later invalidated" is not a cognizable error on § 2255 review. *Id.* at 936.

Relying on a broad reading of *Foote*, the Government contends that this case [*i.e.*, *Wood*] presents a similar type of Guidelines calculation error for which review is precluded. (Gov. Br. at 9-10.) However, the Court finds that the claim raised by Petitioner here [in *Wood*] is distinct from the issue the Fourth Circuit addressed in *Foote*. The *Foot* Court specifically addressed the question of whether a

> Petitioner, who was sentenced as a career offender . . . but who in fact was not a career offender in light of *Simmons v. United States*, can assert a cognizable claim under 28 U.S.C. 2255, seeking to challenge a sentence that was below the statutory maximum that would still apply.

*Id.* at 935 (quoting *Foote v. United States*, No. 1:06CR177, 2013 WL 5962983, at *1 (M.D.N.C. Nov. 7, 2013)). The Fourth Circuit found that such a claim was not cognizable, but indicated that a petition like the one presented here [in *Wood*] might be reviewed differently, and in summarizing the facts most relevant to that inquiry, the Court noted two facts in particular. "Neither Appellant's federal offense of conviction nor his state convictions qualifying him as a career offender have been vacated," and "he was sentenced under an advisory sentencing scheme." *Id.* at 932. In the present case [*i.e.*, *Wood*], Petitioner was sentenced under an advisory sentencing scheme, but unlike the petitioner in *Foote*, Petitioner's state conviction qualifying him as a career offender has been vacated. Therefore, the Court finds that this case [*i.e.*, *Wood*] is not squarely controlled by *Foote*, and the Court may look elsewhere to determine whether Petitioner presents a cognizable claim.

Notably, in *United States v. Dorsey*, 611 F. App'x 767 (2015), an unpublished opinion issued only one month after *Foote*, the Fourth Circuit

3

granted a certificate of appealability to decide "whether Dorsey is entitled to re-sentencing due to the vacatur of one of his state court convictions used to enhance his federal sentence." *Id.* at 768. After pleading guilty to conspiracy to distribute 50 grams or more of crack cocaine, Dorsey's advisory Guidelines range was calculated as 110 to 137 months based in part on a Category VI criminal history score. The district court sentenced Dorsey to 137 months in prison. Two years after his conviction on the federal charge, a state court invalidated one of Dorsey's prior convictions. He then brought a § 2255 Petition seeking resentencing under a Category V criminal history, which carried a maximum Guidelines range of 125 months. *Id.* at 768-69. The Fourth Circuit found that Dorsey was entitled to resentencing because "sentence enhancements based on previous convictions should be reconsidered if those previous convictions are later vacated." *Id.* at 769 (citing *Custis v. United States*, 511 U.S. 485, 497 (1994); *Daniels v. United States*, 532 U.S. 374, 382 (2001); *Johnson v. United States v. United States*, 544 U.S. 295 (2005); *United States v. Gadsen*, 332 F.3d 224, 228 (4th Cir. 2003)). As part of that discussion, the Fourth Circuit specifically considered and distinguished the recent holding in *Foote*, and emphasized that in *Foote*, the petitioner's state convictions qualifying him as a career offender had not been vacated. *Id.* at 770 (quoting *United States v. Foote*, 784 F.3d at 932, 941).

The Eastern District of North Carolina recently applied this authority in *Rodgers* . . . . *See Rodgers*, 2021 WL 355077, at *2-6. The Eastern District analyzed *Foote*, *Dorsey*, and *Johnson*, and determined that "[w]here the state conviction was vacated . . . [and] the conviction established petitioner's status as a career offender, and removal of the conviction will significantly alter the Guidelines range . . . maintaining a career offender enhancement based on the conviction presents a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* at

4

*5; *see also United States v. Thomas*, No. ELJ-10-082, 2019 WL 2904652, at *11-13 (D. Md. July 5, 2019) (finding *Foote* to be "factually inapposite" to a case in which a predicate conviction underlying an advisory Guidelines career offender enhancement had been vacated, and determining that such a claim was cognizable on collateral review and entitled Petitioner to resentencing); *Johnson v. United States*, 424 F. Supp. 3d 434, 445 (D. Md. 2019) (relying on *Foote* and *Dorsey* and finding that "a Guideline calculation that is not erroneous at the time of sentencing, but which is predicated on a later vacated state conviction is cognizable in a § 2255 claim for resentencing."); *Wilson v. United States*, No. 4:15-CR-22, 2017 WL 4475996 (E.D.N.C. Oct. 6, 2017) (relying on *Dorsey* and holding that "in light of the vacatur of petitioner's prior conviction and the resulting change in petitioner's criminal history calculation, petitioner must be resentenced").

*Chuckie Dale Wood v. United States*, 1:09-cr-00339-NCT-1, Slip Op. (M.D.N.C. April 14, 2021) (Peake, M.J.) (footnotes omitted) (recommending federal resentencing in light of vacated state court conviction supporting federal sentencing enhancement under advisory guidelines) *adopted by Slip Op.* (M.D.N.C. April 30, 2021) (Tilley, J.).

Under the circumstances of the present case [here in *Downey*], *Foote* does not control. Unlike in *Foote*, where none of the predicate convictions that warranted an enhanced sentence were vacated, in this case Petitioner has submitted evidence indicating that one of his predicate convictions was vacated. Specifically, Petitioner—who was sentenced under the advisory guidelines—has submitted an order from the Burke County District Court dated August 17, 2020 granting his motion for appropriate relief and "sett[ing] aside" (*i.e.*, vacating) one or more (it is not entirely clear) of the misdemeanor assault on a government employee convictions used in calculating his criminal history points in his later federal conviction.[3] (Docket Entry 105 at 2.) Consequently, this case [*i.e.*, *Downey*] is more like *Dorsey*, and other similar cases, in which one of the defendant's underlying convictions was vacated, rather than *Foote*, in which there was no vacation of a predicate conviction underlying a sentencing enhancement. The

5

Court therefore concludes that Petitioner's proposed new ground is cognizable[4] and will permit Petitioner to amend his original § 2255 motion and raise this new claim.

> [3]At his federal sentencing, Petitioner had three convictions for misdemeanor assault on a government official/employee, all stemming from a January 8, 2003 incident at the Foothills Correctional Facility. (Docket Entry 88, ¶¶ 39-40.) The judgment for the first conviction (03CR50075) was entered on January 31, 2003, while the other two convictions (03CR50248 and 03CR50249) were consolidated into a second judgment that was entered on February 26, 2003. (*Id.*) At sentencing, over defense counsel's objection (Docket Entry 78 at 8-9), Petitioner was attributed two points for each of the two judgments, for a total of four criminal history points. (Docket Entry 88, ¶¶ 39-40.) The 2020 order from the state court granting Petitioner's motion for appropriate relief sets aside (*i.e.*, vacates) one more of the judgments, but then consolidates all three cases (Case Nos. 03CR50075, 03CR50248 and 03CR50249) into a single sentence and judgment by way of an "amendment." In any event, Petitioner now only has a single sentence and judgment for these three convictions.

> [4] Other than contending that Petitioner's proposed amendment is *Foote*-barred, Respondent has not meaningfully addressed any of the precedent cited above nor explained why it would not control here, and the Court sees no reason why it should not. *Respondent may, if it so chooses, address this matter anew in its supplemental response.*

(Docket Entry 129 at 9-12 (emphasis added).) The Court next appointed Petitioner counsel, ordered fuller briefing, and then (upon receipt of that briefing) held oral argument on the merits of Petitioner's new ground. (Docket Entries 129, 132, 135, 136.)

## C. Petitioner's Position

Petitioner's amended new ground for relief, as briefed by counsel, is that he "is entitled to have his non-924(c) sentence vacated and be resentenced because the consolidated state court assault judgment reduces his criminal history category under the sentencing guidelines

from Level VI to Level V which in turn lowers his guideline range of punishment." (Docket Entry 132 at 4 (all caps in original).) Petitioner supports his argument as follows:

A. Factual Background Regarding Mr. Downey's North Carolina State Motion For Appropriate Relief.

The District Court originally found Mr. Downey to have 13 total Criminal History points and found him to be a Criminal History Category VI Offender. (Doc. 89 § III). The total Criminal History points was arrived at by including, over his objection, an additional 2 points for two additional consolidated North Carolina state court misdemeanor convictions for Assault On A Government Official/Employee, that occurred on January 8, 2003 which were part of the same incident as his first assault conviction.[3] Mr. Downey had pled guilty to the first charge on January 15, 2003 and received a 150 day active sentence. (Doc. 88 ¶ 39). However, on February 10, 2003, he was charged with the additional two assault counts to which he pled guilty to on February 26, 2003 and received a consolidated judgment of 75 days to run at the expiration of an unrelated North Carolina sentence that he was serving at the time of the assaults. (Doc. 88 ¶ 40). Although prior counsel had objected to the additional 2 points, it was conceded that the calculation was "technically assessed correctly" because although the charges arose from the same transaction, the charges were taken out on separate dates. (Doc. 78 pp. 8 & 9). Defense counsel indicated to the District Court:

My information is that he was in custody. They thought they had served everything, but they hadn't served everything so they brought him back, and then he was sentenced on the additional charge for which he had not been served… It is because of the different sentencing date and that does change it. Again, there is a technical correct application of those points.

(Doc. 78 p. 9). The District Court then overruled the objection based on the entry of the assault judgments on different dates. (Doc. 78 pp. 9-10).

On August 14, 2020, Mr. Downey caused to have filed with the Burke County North Carolina district court a pro se

7

Motion For Appropriate Relief, a copy of which is attached as Exhibit A.[4] Mr. Downey's motion requested the North Carolina district court review the legality of his three convictions of misdemeanor Assault On A Government Official/Employee stating:

> Due to the fault of the arresting officials and/or parties there occurred separate dates of convictions when these 3 offenses were supposed to be administered through the courts via one charging instrument; the 2nd set of charges were only served on the defendant subsequent to the initial charges disposition on January 31, 2003; and there-by then the defendant, against his objections, was further prosecuted weeks later for essential [sic] the same crime and this has subjected the defendant to double ct.[sic]

(Exhibit A, ¶ 2). Mr. Downey further indicated in his motion that even if his conviction was valid, there was a problem in the way he was sentenced, and his sentence was invalid because:

> Due to clerical error, or prosecutorial discrepancy, there evolved 2 separate convictions for one inherent offense; there was no intervening arrest in these matters and all were product of one occurrence on one date and therefore should have been adjudicated as one conviction.

(Exhibit A ¶ 4(d)). Accordingly, Mr. Downey prayed the district court grant a new sentencing hearing and "consolidation of the offenses under one conviction." (Exhibit A, p. 4).

On August 17, 2020, the Honorable Burford A. Cherry, North Carolina District Court Judge Presiding, granted Mr. Downey's Motion For Appropriate Relief: the judgment in his first assault case was set aside, the judgment from the second set of assault cases was amended and the court ordered the second set of assault convictions be consolidated for judgment with the first assault conviction. (Exhibits B and C).

8

B. <u>Analysis</u>

North Carolina General Statute Section 15A-926(a) <u>Joinder of Offenses</u>, provides:

> Two or more offenses may be joined in one pleading or for trial when the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan.

Chapter 15A, Section 926(c)(2) of the North Carolina General Statutes provides:

> A defendant who has been tried for one offense may thereafter move to dismiss a charge of a joinable offense. **The motion to dismiss must be made prior to the second trial, and must be granted** unless
>
> > a. A motion for joinder of these offenses was previously denied, or
> >
> > b. The court finds that the right of joinder has been waived, or
> >
> > c. The court finds that because the prosecutor did not have sufficient evidence to warrant trying this offense at the time of the first trial, or because of some other reason, the ends of justice would be defeated if the motion were granted.

(Emphasis added).

Mr. Downey contended in his North Carolina Motion For Appropriate Relief that:

> Due to the fault of the arresting officials and/or parties there occurred separate dates of convictions when these 3 offenses were supposed to be administered through the courts via one charging instrument; **the 2nd set of charges**

9

**were only served on the defendant
subsequent to the initial charges disposition
on January 31, 2003; and there-by then the
defendant, against his objections, was further
prosecuted weeks later for essential [sic] the
same crime** and this has subjected the defendant
to double ct.[sic]

(Exhibit A, ¶ 2)(Emphasis added).

The second state prosecution of Mr. Downey clearly
violated the prohibition against joinder pursuant to N.C.G.S. §
15A-926(c)(2) by proceeding with the second set of assault
charges over his objection.[5] This was an "error of law" that the
North Carolina district court recognized and corrected by
granting Mr. Downey's Motion for Appropriate Relief.
Consequently, Mr. Downey has only one consolidated
judgment for the three Assault On A Government
Official/Employee charges and the additional 2-points in his
criminal history computation should not now be counted. *See
United States v. Jones*, 907 F.2d 456, 463 (4th Cir. 1990)(sentences
resulting from convictions that have been reversed or vacated
because of errors of law are not to be counted in the Guideline
criminal history score); U.S.S.G. § 4A1.2, cmt. n. 10 (previous
convictions set aside for "errors of law" are not counted as they
are treated as being "expunged").

Had Mr. Downey's misdemeanor assault judgments been
consolidated prior to the time of his sentencing hearing, he
would have been assessed 11 Criminal History points instead
of 13 points. U.S.S.G. § 4A1.1(b) (*See* Doc. 88 ¶¶ 39-40; Doc.
89 § IB3). Mr. Downey's resulting Criminal History Category
would have been Level V rather than Level VI. U.S.S.G.
Sentencing Table. Accordingly, the advisory Guideline range of
sentencing for an Offense Level 27 Criminal History Category
V Offender would have been 120 to 150 months rather than
the 130 to 162 months for a Criminal History Category VI
Offender. U.S.S.G. Sentencing Table.

The District Court did not depart or vary upward but
sentenced Mr. Downey to two months less than the top end of
the Guideline range of punishment for being a Criminal History
Category VI Offender. (Doc. 89 p. 4). The current 160-month
sentence therefore exceeds the advisory Guideline range of

punishment for Mr. Downey's correct Criminal History Category and should be amended. *United States v. Hall*, 977 F.2d 861, 863 (4th Cir.1992)( A district court must impose a sentence within a defendant's guideline range unless the court finds an aggravating or mitigating circumstance not adequately taken into consideration under the Guidelines).

[3] The first assault was for hitting a corrections officer in the head with his fist. (Doc. 88 ¶ 39). The second group of assaults occured [sic] when two correction officers were attempting to assist the officer who Mr. Downey was assaulting. (Doc. 88 ¶ 40).

[4] The heading on [the] preprinted Motion For Appropriate Relief form erroneously states that the cases were in the superior court division rather than the district court division.

[5] No transcriptions exist of Mr. Downey's North Carolina district court assault cases because district courts are not courts of record. *State v. Ward*, 487 SE 2d 798, 801 (N.C.App. 1997).

(Docket Entry 132 at 4-9.)

### D. The Government's Position

The Government, in turn, contends that:

Rejecting the government's argument that such a claim was barred by *United State v. Foote*, 784 F.3d 931 (4th Cir. 2015), this Court declared Downey's claim to be cognizable, because "Petitioner has submitted evidence indicating that one of his predicate convictions was vacated." (*Id.* at 11 (quoting *Wood v. United States*, 1:09CR339-1 (M.D.N.C.), ECF No. 82, recommendation adopted, ECF No. 85)). The Court appointed counsel to represent Downey on this limited basis and set a briefing schedule to develop the issue on the merits. Petitioner filed a supplemental Brief on May 4, 2022 (ECF No. 132), attaching a copy of the Motion for Appropriate Relief and each of the state court documents granting the motion, and discussing the grounds on which Downey sought and obtained the correction. Close examination of these documents, however, reflects Downey's motion for appropriate relief does not entitle him to a reduced sentence, because none of his convictions were truly vacated. As discussed below, Downey achieved a consolidation of his three misdemeanor offenses (which had formerly comprised two separate judgments) through what

11

appears to be essentially an administrative correction. Though the
original judgment for one of the three misdemeanor offenses was
set aside, this act merely paved the way for the contemporaneous
issuance of an amended judgment reflecting that offense, as well
as Downey's other two misdemeanors, all on a single judgment
with one sentence. Downey's convictions on all three offenses
(and sentence of 150 days) endure; none has been vacated or
nullified. This administrative consolidation, even though it would
result in a two-point reduction in Downey's criminal history
points if calculated today (and reduction from criminal history
category VI to V), is not a "fundamental defect which inherently
results in a complete miscarriage of justice." *Foote*, 784 F.3d at
936. The claim should be denied.

(Docket Entry 135 at 2-3.)

### E. Petitioner's Amended Ground for Relief Is *Foote*-barred.

In light of the parties' full briefing of the instant issue, and upon further consideration,

the Court has reconsidered its preliminary assessment and now concludes that Petitioner's

new amended ground for relief is *Foote*-barred. A petitioner seeking relief pursuant to 28 U.S.C.

§ 2255 must show that "the sentence was imposed in violation of the Constitution or laws of

the United States, or that the court was without jurisdiction to impose such sentence, or that

the sentence was in excess of the maximum authorized by law, or is otherwise subject to

collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case

conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt

hearing thereon, determine the issues and make findings of fact and conclusions of law with

respect thereto." *Id.* § 2255(b).

The United States Supreme Court has explained that where a petitioner "is successful

in attacking [his] state sentences, he may then apply for reopening of any federal sentence

enhanced by the state sentences." *Custis v. United States*, 511 U.S. 485, 497 (1994); *see also Daniels*

12

*v. United States*, 532 U.S. 374, 382 (2001). The Fourth Circuit similarly has noted that if a petitioner "succeeds in a future collateral proceeding in overturning his [state] conviction, federal law enables him then to seek review of any federal sentence that was enhanced due to his state conviction." *United States v. Bacon*, 94 F.3d 158, 161 n.3 (4th Cir. 1996). Vacatur or modification of the prior state judgment of conviction, however, is not standing alone sufficient to grant habeas relief. *See United States v. Pettiford*, 612 F.3d 270, 278 (4th Cir. 2010). Rather, petitioner must establish that in light of the modified or vacated state judgment his sentence now "is unlawful on one of the specified grounds" set forth in § 2255(a). *Id.*

Here, Petitioner does not argue that his sentence was imposed in violation of the Constitution or laws of the United States, that the Court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law. *See* 28 U.S.C. § 2255(a). The question presented instead is whether the grant of Petitioner's motion for appropriate relief in state court, and the fact that he now has two additional points in his criminal history calculation that would not be included were he re-sentenced today in this federal case, render his federal sentence "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "The Supreme Court has interpreted this provision such that if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Foote*, 784 F.3d at 936 (*citing Davis v. United States*, 417 U.S. 333, 343 (1974)).

As explained below, Petitioner has failed to demonstrate that he is entitled to relief. This is because Petitioner's state court motion for appropriate relief did not result in any of his convictions being vacated. Beyond this, and in any event, the fact that Petitioner has two

additional points in his criminal history calculation that would not be included were he re-sentenced today does not constitute a fundamental defect or a complete miscarriage of justice.

More specifically, Petitioner pled guilty, on two separate dates, to three misdemeanor charges of assault on a government official/employee, for conduct all occurring on a single date as part of the same incident. (Docket Entry 132 at 11, 18.) The charges resulted from Petitioner's affray with a prison guard, during which two other guards then attempted to break up the affray. It appears that the assault on the first guard is reflected by the charge in Case Number 03CR50075, for which Petitioner was originally given a 150-day active sentence, and the assaults on the two responding guards are reflected by the charges in Case Numbers 03CR50248 and 03CR50249, for which Petitioner was sentenced on a later date to a concurrent active sentence of 75 days. (*Id.*)

Examining both Petitioner's handwritten application for relief, as well as the state court's handwritten document granting relief and the amended judgment that issued, it is apparent that the correction was administrative in nature and that Petitioner's three misdemeanor offenses all endure as a matter of law. In the motion for appropriate relief Petitioner states, in part, "[t]hese 3 offenses were supposed to be administered through the courts via one charging instrument; the 2nd set of charges were only served on the defendant subsequent to the initial charges disposition . . . and thereby then the defendant against his objection was further prosecuted weeks later for essential[ly] the same crime." (*Id.* at 11). His prayer for relief reflects the same understanding: "Defendant seeks the consolidation of the offenses under one conviction." (*Id.* at 14).

14

The state court's disposition of the motion reflects the same understanding. In the handwritten grant of relief, the court declares, "The court in its discretion hereby consolidates all cases with 03CR50075." (*Id.* at 16). In the amended Judgment, issued in case number 03CR50075, the text block marked "Offenses" lists *all three case numbers*: 03CR50075, 03CR50248, and 03CR50249. (*Id.* at 18.) The text of the judgment does say "The judgment is hereby set aside," but, importantly, it also includes the following text:

> The following amendments are made to said judgments:
>
> 03CR50075; Defendant received 150 day active sentence in custody of NC DOC on January 31, 2003.
>
> 03CR50248, 03CR50249; Defendant's sentence in these matters are consolidated for judgment with 03CR50075[.]

(*Id.* at 18 (all caps in original)). The text of the August 17, 2020, judgment clearly reflects that three case numbers have been consolidated into one judgment carrying a single sentence of 150 days. (*Id.*) Though the original judgment in 03CR50075 (reflecting that charge alone) was "set aside," the judgment issued on August 17, 2020, is, effectively, an amended consolidated judgment which bears all three case numbers and one sentence for all. (*Id.*) Such an amendment cannot be construed as a vacated conviction. Petitioner's conviction for each of the three misdemeanors survives; he has achieved a corrected judgment with a single sentence according to North Carolina law and procedure as he contends it should have been carried out originally.

Petitioner essentially asks the Court to read the single statement "The judgment is hereby set aside" in isolation from the other provisions of the amended judgment. That is the only way to construe the state court's action as an actual vacatur (even assuming it was clear

which judgment was being set aside or whether all three were, which it is not). Yet this reading of the document would require this Court to disregard the plain meaning of the remaining text of the amended judgment, which reconstitutes the judgment for all three case numbers. Petitioner's conviction in 03CR50075 or in either of the other two cases was not invalidated or vacated in any enduring sense: to the extent any or all of the three convictions were set aside, it was set aside only in a clerical sense to provide a "clean slate" to enter the amended judgment reflecting all three case numbers and the single sentence adjudged for all three.

Because none of Petitioners' previous convictions were in fact vacated, the line of cases including *Dorsey* and *Wood*, described in detail earlier in this Recommendation, are inapposite. In rejecting the Government's *Foote* argument, the *Dorsey* Court invoked *Foote*'s comment that "it is clear that miscarriages of justice . . . are grounded in the notion of actual innocence, and Appellant has not been proven actually innocent of any of his prior convictions." *Dorsey*, 611 F. App'x at 770 (citing *Foote*, 784 F.3d at 932) (internal quotations omitted). The district courts that have applied *Dorsey*'s principles to claims based on vacated convictions have distinguished their facts from *Foote* in similar fashion: highlighting *Foote*'s reasoning that where a conviction has not been invalidated or vacated, "it is difficult" to find that a petitioner has suffered a miscarriage of justice. *United States v. Thomas*, ELH-10-082, ELH-19-41, 2019 WL 2904652, *12 (D. Md. July 5, 2019); *see also Rodgers v. United States*, NO. 4:11-CR-87-FL-1, 2021 WL 355077, *3 (E.D.N.C. Feb. 2, 2021) (noting *Foote*'s comment that "the miscarriage of justice exception in this context has historically been tied to the petitioner's innocence") (cleaned up); *Johnson v. United States*, 424 F. Supp. 3d 434, 445 (D.Md. Nov. 26, 2019) ("Importantly, the petitioner in *Foote* never received a vacatur of his prior convictions.").

Significantly, these cases have also noted the reasons for the convictions being vacated, which establish that the conviction was "a nullity" or "invalidated," on jurisdictional, constitutional or other fundamental grounds. *See Johnson*, 424 F. Supp. 3d at 439 (noting petitioner obtained coram nobis relief due to state guilty plea being involuntary); *Thomas*, 2019 WL 2904652, at *3-4 (noting petitioner obtained coram nobis relief on grounds his state conviction was unconstitutional); *United States v. Graves*, Case Nos. PJM 10-164, PJM 14-827, 2021 WL 2580702, *2 (D.Md. June 23, 2021) (noting *Graves*' conviction was set aside after state court found his guilty plea was not knowing and voluntary); *Rodgers*, 2021 WL 355077, at *5 (noting petitioner granted vacatur because state court lacked jurisdiction; vacatur of conviction "'nullified' the conviction and renders petitioner actually innocent of conspiracy to discharge a weapon into occupied property").

The Court of Appeals cases finding claims based on vacated convictions cognizable also closely examine the reasons therefor. *See, e.g., Cuevas v. United States*, 778 F.3d 267, 272, 276 (4th Cir. 2015) (finding that the facts of Cuevas's case—he was entitled to a new trial on his state drug conviction after the state drug lab chemist had falsified testing results and was granted vacatur "in the interests of justice"—qualified his claim as "exceptional"); *United States v. LaValle*, 175 F.3d 1106, 1108 (9th Cir. 1999) (granting resentencing of petitioner who obtained vacatur of his state court conviction on grounds he was never advised of his constitutional rights); *United States v. Walker*, 198 F.3d 811, 814 (11th Cir. 1999) (affirming

grant of relief to petitioner whose underlying vacated conviction resulted from guilty plea that was not knowing and voluntary).[1]

In the absence of any reason to follow the *Dorsey* line of cases, *Foote* controls, and its principles require that this Court determine whether the guidelines error that Petitioner presents—having two additional points in his criminal history calculation that would not be included were he re-sentenced today in federal court—constitutes a fundamental defect or a complete miscarriage of justice. *Foote*'s reasons for answering "no" to the same question in the context of a *Simmons*-flawed career offender predicate are equally instructive here. First, the *Foote* Court noted the Supreme Court's examples of post-conviction "miscarriages of justice" all relied upon the "actual innocence" of the petitioner, not at issue in that case. *Foote*, 784 F.3d at 940. Second, the *Foote* Court noted it was "hesitant to declare that a fundamental defect or a complete miscarriage of justice has occurred in a situation in which Appellant was . . . sentenced under an *advisory* Guidelines scheme requiring individualized analysis of the sentencing factors set forth in 18 U.S.C. § 3553(a)." *Id.* at 941 (noting even upon remand, the same sentence could be legally imposed). Third, the *Foote* Court observed that it was "not persuaded that Appellant's career offender designation is a defect of a fundamental nature. Courts have not used the term fundamental lightly." *Id.* at 942 (internal quotations omitted) (noting "we would be remiss to place an erroneous Guidelines classification under an advisory

---

[1] It appears to the Court that Petitioner's motion for appropriate relief was granted because of a misapplication of the state joinder law and not, as he seems to suggest, because he entered into a coerced or involuntary guilty plea. (Docket Entry 136 at 3.) In any event, as explained herein, none of Petitioner's underlying convictions were vacated in any enduring sense and the fact that Petitioner has two additional points in his criminal history calculation that would not be included were he re-sentenced today does not constitute a fundamental defect or a complete miscarriage of justice.

18

scheme in the same category as violation of a statute or constitutional provision"). And finally, the *Foote* Court noted the difficulty in drawing a line between "a fundamental defect and mere error." *Id.* at 943 ("to draw the line at *any* sentencing error that increases the sentencing range of the defendant would be overinclusive" and "would deal a wide-ranging blow to the judicial system's interest in finality").

Each of these reasons is equally instructive here. There is no suggestion that Petitioner is "actually innocent" of any of the convictions. The motion for appropriate relief set aside, as an administrative or clerical matter, the existing judgment (or judgments) merely for the purpose of issuing an amended judgment incorporating all three of the misdemeanor convictions that existed previously. Second, the district court sentenced Petitioner under an advisory guidelines scheme to a within-guidelines sentence of 160 months for two violent robberies, after consideration of the § 3553(a) factors, including the fact that Petitioner pointed guns at his victims in each robbery. (Docket Entry 78 at 15 ("we come out with a total offense level of 27, a criminal history category of VI, and an advisory guideline range under Counts One, Three, and Five of 130 to 162 months and under Count Four 84 months consecutive to that"), 23 (The Court: "But when guns are used, especially when they're pointed at people, that's ringing a bell that other things sometimes don't. So a sentence at the high end of the recommended range is appropriate in this case.").) Petitioner asserted that his adjusted guidelines range would be 120 to 150 months if he prevails on his motion. (Docket Entry 132 at 8.) Given the violence of the two robberies, and the fact that the Court imposed a high-end sentence, a variance from a lower guideline range would have been supported by the § 3553(a) factors. (Docket Entry 78 at 22) (The Court: "I can't imagine the horror somebody would feel

19

in having a gun placed to their head and instructed to do something; and if that gun goes off, as I just mentioned, that person is seriously injured or killed or maimed for life.").

Third, *Foote*'s caution against classifying career offender defects as fundamental is equally applicable here, if not more so. Petitioner's reclassification from criminal history category VI to V would change his guidelines range from 130 to 162 months to 120 to 150 months. (U.S. Sentencing Guidelines Manual Sentencing Table, ch. 5, pt. A (2009).) For the same reasons discussed immediately above, this type of "defect" can hardly be termed fundamental when the Fourth Circuit does not classify as fundamental changes to a petitioner's career offender status, based on a *Simmons* error and similar legal developments, even where that change results in a much greater guidelines disparity.

Finally, the *Foote* Court had its eye on the judicial system's interest in finality. If Petitioner were accorded federal sentence relief based on an administrative consolidation of three misdemeanor convictions, essentially a "later-established counting error," there are few guidelines error that would be deemed too trivial for recognition and resentencing. *See United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999) ("errors of guideline interpretation or application ordinarily fall short of a miscarriage of justice"). The Fourth Circuit has expressed willingness in *Dorsey* to draw that line at vacated convictions, and that line is consistent with Supreme Court jurisprudence. Having so indicated, the word "vacate" must be strictly construed, in keeping with existing cases involving jurisdictional constitutional, or other fundamental errors, and cannot be allowed to include administrative corrections of judgments that fail to reflect any suggestion of innocence of the underlying offenses. For all these reasons, Petitioner's amended ground for relief should be denied.

20

## CONCLUSION

**IT IS THEREFORE RECOMMENDED** that that the stay in this matter be **LIFTED**, that Petitioner's motion to vacate, set aside or correct sentence (Docket Entry 86), as amended, be **DENIED** for the reasons set forth above and for the reasons set forth in the undersigned's prior Recommendation (Docket Entry 99), that the Government's motion to dismiss be **DENIED** (Docket Entry 91) as moot, and that this action be dismissed.

Joe L. Webster
United States Magistrate Judge

March 9, 2023